**WO**                                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damien Lee Toliver, | No. CV-14-00335-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown De La Fuente, *et al.*, | |
| Defendants. | |

At issue is Defendants Adamu, De La Fuente, Hughes, and McNeal's Second Motion for Summary Judgment (Doc. 146, Mot.), to which Plaintiff filed a Response (Doc. 155, Resp.), and in support of which Defendants filed a Reply (Doc. 160, Reply).

**I.   BACKGROUND**

On August 8, 2016, Plaintiff's current counsel first appeared in this matter. (Doc. 103.) Soon after, Plaintiff moved to reopen discovery and depose Defendants and other witnesses. (Doc. 105.) On September 12, 2016, the Court granted in part and denied in part that motion, allowing for limited depositions. (Doc. 111.) In light of the Court's allowance, Defendants filed a Motion for Leave to File a Second Motion for Summary Judgment. (Doc. 114.) The Court granted Defendants' Motion, permitting a successive motion for summary judgment to be filed based on evidence educed during the limited depositions the Court afforded Plaintiff. (Doc. 145.) The present Motion followed.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a question of material fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

At the outset, the Court notes, as does Plaintiff (Resp. at 1), that the Court's Order allowing Defendant to file a Second Motion for Summary Judgment explicitly specified

that Defendants would "not be permitted to assert bases for summary judgment that were available to them at the time of the last round of dispositive motions." (Doc. 145 at 1:23-2:1.) Indeed, the sole reason the Court allowed a successive Motion for Summary Judgment was because it granted Plaintiff's Motion to Re-Open Discovery (Doc. 105), which sought only to depose Defendants and certain percipient witnesses. Accordingly, the Court foreclosed Defendants from presenting arguments based on evidence not newly obtained from those depositions. Nonetheless, Defendants have recycled some arguments set forth in their first Motion for Summary Judgment. (Doc. 85.) Most notably, Defendants lodge a second attempt at obtaining summary judgment on qualified immunity grounds. (Mot. at 3-7.) There, at least half of the evidence they rely on is not the product of depositions taken in response to the Court's Order and, even then, much of the testimony was available to Defendants as they were themselves the deponents. Further, much of Defendants' Motion admittedly rests on the newly-enhanced video (Mot. at 1-2), which was not produced in direct response to this Court's Order allowing depositions. Though the Court will not exclude the video or arguments relying on it in resolving the current Motion, or the reprocessed arguments on qualified immunity, it nonetheless notes the impropriety of such heavy reliance on the video in contravention of the Court's Order and will only consider arguments at least partially based on new deposition testimony.

Even when assessing the preceding evidence and viewing the arguments and evidence put forth in isolation, the Court finds that summary judgment is inappropriate as genuine issues of material fact remain. Defendants largely contend that the video alone, once enhanced, extinguishes all questions of material fact. That is an overstatement. In the video, after Plaintiff is taken to the ground, the camera pans away from Plaintiff for almost 15 seconds. (PSOF ¶ 46.) Questions remain as to what occurred during that time period. While Defendants have put forth testimony regarding what transpired off-camera, much of that testimony is vague or internally contradictory. (Resp. at 7-9 (citing PSOF ¶¶ 50-56).) Moreover, it is unclear why the camera panned away from the pertinent

action. Of course, Plaintiff argues that the failure to capture the entirety of the interaction was a nefarious act to obscure unlawful force, while Defendants—who admit that such disreputable instances have occurred—contend that it was caused by an innocuous reaction to commotion. (DSOF ¶ 54; CSOF ¶ 54.) However, the camera operator has not been clearly identified, foreclosing either party from discovering the operator's explanation of events, and in any event it is for a factfinder—not the Court—to weigh such evidence and testimony. Accordingly, the Court will not grant summary judgment based on the enhanced video evidence.

In addition to the video evidence, Plaintiff identifies several discrepancies in Defendants' testimony regarding the pertinent event. While each contradiction or discrepancy may not alone create a genuine issue of material fact, it is again for a factfinder to determine whether such inconsistencies are due to innocent faults in memory or instead create credibility issues for Defendants.

Because the Court declines to grant summary judgment and this case will proceed to a rapidly approaching trial (with a final pretrial conference upcoming), and the parties are operating on a truncated briefing schedule, the Court will not detail and analyze each and every disputed fact put forth in Defendants' Motion and Plaintiff's Response. Instead, it is enough to say that the following non-exclusive list of issues Plaintiff raises create triable issues of material fact to be resolved by a factfinder: contradictory and unresolved testimony regarding how many officers were involved in the incident, as well as the identity of those officers (PSOF ¶¶ 27-29); Defendant Adamu's contradictory testimony regarding Plaintiff's statements during the incident (PSOF ¶ 16) which are pertinent to the officers' state of mind and decisions regarding what, if any, force to use; Defendant Hughes's conflicting testimony regarding what she witnessed and her conduct during the incident (PSOF ¶¶ 37-44, 42), as well as other officers' testimony regarding her conduct (PSOF ¶¶ 43-44); Defendants' heavy reliance on an affidavit by a non-witness who did not personally verify the content of the affidavit and bases his account on an investigative report that was prepared without personal contact with Defendants

(Resp. at 9-10); the warnings, or lack thereof, afforded to Plaintiff prior to the use of force (DSOF ¶¶ 1-2; Resp. at 3); and the extent of Plaintiff's injuries (CSOF ¶¶ 55-56).

## IV. CONCLUSION

For the foregoing reasons, the Court will not grant Defendants' Second Motion for Summary Judgment. (Doc. 149.) Given that most, if not all, of the questions regarding Plaintiff's claims turn on reasonableness under the circumstances and questions regarding those circumstances persist—even among Defendants—summary judgment is unwarranted. Furthermore, Defendants' arguments that rest solely on video evidence remain open to interpretation and are properly analyzed by a factfinder, not the Court.

**IT IS THEREFORE ORDERED** denying Defendants Adamu, De La Fuente, Hughes, and McNeal's Second Motion for Summary Judgment (Doc. 146).

Dated this 31st day of March, 2017.

Honorable John J. Tuchi
United States District Judge